### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ALABAMA

|  |  |
|---|---|
| | * |
| **RAYMOND SHANE GREENE** | * |
| **Petitioner,** | * |
| | * |
| **vs.** | * |
| | * |
| **STATE OF ALABAMA** | * |
| **Respondent.** | * |
| | * |

### PETITION FOR WRIT OF HABEAS CORPUS
### BY PRISONER IN STATE CUSTODY

The Petitioner, files this Petition for Writ of Habeas Corpus by Prisoner in State Custody.

The Petitioner, sometimes referred to as Mr. Greene, is currently incarcerated in Fountain Correctional Facility with an expected release beyond the year 2120 and his AIS# is 302426.

**RESPECTFULLY SUBMITTED,** this the 8th day of January, 2021.

   /s/   Yancey N. Burnett                 .
Yancey N. Burnett   (burny5696)
Attorney for Defendant
(251) 662-7500

## TABLE OF CONTENT

| | | |
|---|---|---|
| I. | Introduction | 3 |
| II. | Jurisdictional Statement | 4 |
| III. | Venue | 5 |
| IV. | Statement of the Case | 6 |
| V. | Procedural History | 8 |
| VI. | Facts Supporting Granting of the Writ | |
| VII. | Standard of Review of 28 U.S.C. Section 2254 Petitions | 9 |
| VIII. | Reasons for Granting the Writ | 10 |
| IX. | Conclusion | 19 |
| X. | Prayer for Relief | 21 |
| XI. | Certificate of service | 21 |

## I.    Introduction

On September 30, 2013, a Mobile County Grand Jury Indicted the Petitioner for Rape 1st (CC2013-4133), Sodomy 1st (CC-2013-4134), and Sex Abuse of a Child less than 12 years of age (CC-2013-4135).  The Petitioner was arrested and pleaded not guilty on November 18, 2013.  The Court had a status hearing in July 2014 and Petitioner's first trial proceeded to trial and a mistrial was declared on August 25, 2015.  On November 2, 2015, the Petitioner was retried and the Petitioner was found guilty on all three counts.  The Petitioner was sentenced on December 4, 2015 to Life on the Rape 1st (CC-2013-4133) charge and he was sentenced to a consecutive 99 year sentence on the Sodomy 1st charge and a concurrent 10 year sentence for Sex Abuse of a Child less than 12 years of age (CC-2013-4135).

The Petitioner appealed to the Alabama Court of Criminal Appeals and was denied relief on February 13, 2017.

On March 21, 2017 a Rule 32 Petition was filed seeking relief and the same was denied on March 19, 2019.  The Petitioner Appealed the dismissal of the Rule 32 Petition to the Alabama Court of Criminal Appeals and was denied relief therein on January 8, 2020.

## II.     Jurisdiction

This Court has jurisdiction to hear Mr. Greene's Habeas Corpus Petition pursuant to 28 U.S.C. section 2254 as amended by the AEDPA where a United Sataes District Court may set aside a State Court conviction upon a showing by the Petitioner that the state court's adjudication of the claim "resulted in a decision that. . .involved an unreasonable application of . . .clearly established Federal Law, as determined by the Supreme Court of the United States." 28 U.S.C. Section 2254(d)(1); *Dixon v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495 (2000).  While the test requires "[s]ome increment of incorrectness beyond error, . . . the increment need not be great; otherwise habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence." *Jones v. Stinson*, 229 F.3d 112, 119 (2nd Cir. 2000) (quoting *Francis v. Stone*, 221 F3d 100, 111 (2d Cir. 2000)).

## III.    <u>Venue</u>

Venue is proper in the Southern District because it is the District within which the Petitioner was tried, convicted, sentenced and deprived of his constitutional rights.

IV          **Statement of the Case**

On September 30, 2013, a Mobile County Grand Jury Indicted the Petitioner for Rape 1st (CC2013-4133), Sodomy 1st (CC-2013-4134), and Sex Abuse of a Child less than 12 years of age (CC-2013-4135). The Petitioner was arrested and pleaded not guilty on November 18, 2013. The Court had a status hearing in July 2014 and Petitioner's first trial proceeded to trial and a mistrial was declared on August 25, 2015. On November 2, 2015, the Petitioner was retried and the Petitioner was found guilty on all three counts. The Petitioner was sentenced on December 4, 2015 to Life on the Rape 1st (CC-2013-4133) charge and he was sentenced to a consecutive 99 year sentence on the Sodomy 1st charge and a concurrent 10 year sentence for Sex Abuse of a Child less than 12 years of age (CC-2013-4135).

The Petitioner appealed to the Alabama Court of Criminal Appeals and was denied relief on February 13, 2017.

On March 21, 2017 a Rule 32 Petition was filed seeking relief and the same was denied on March 19, 2019. The Petitioner appealed the dismissal of the Rule 32 Petition to the Alabama Court of Criminal Appeals and was denied relief therein on January 8, 2020.

During the course of the jury's deliberations in the second trial an issue of jury misconduct became known to the Court, the State and the Defendant. Specifically, the Foreman of the jury was testifying about his own personal experience that he had a niece who was molested by her grandfather and that there was a significant period of time between the molestation and the report of the conduct. The Foreman of the jury testified to other jury members that the period of time was six years and that they should not be concerned about the similar number of years that transpired in this matter. In this matter, in regard to this Petitioner the accusing child waited until

the child's mother and the Petitioner were in the midst of a divorce to include a custody battle. (See Official Transcript of Rule 32 Appeal, Page 8.) The attorneys representing the Petitioner did not ask for a mistrial as a result to the juror misconduct nor did the Court Order a mistrial *sua sponte* as a result of the juror's misconduct.

## V        Procedural History

On September 30, 2013, a Mobile County Grand Jury Indicted the Petitioner for Rape 1st (CC2013-4133), Sodomy 1st (CC-2013-4134), and Sex Abuse of a Child less than 12 years of age (CC-2013-4135).  The Petitioner was arrested and pleaded not guilty on November 18, 2013.  The Court had a status hearing in July 2014 and Petitioner's first trial proceeded to trial and a mistrial was declared on August 25, 2015.  On November 2, 2015, the Petitioner was retried and the Petitioner was found guilty on all three counts.  The Petitioner was sentenced on December 4, 2015 to Life on the Rape 1st (CC-2013-4133) charge and he was sentenced to a consecutive 99 year sentence on the Sodomy 1st charge and a concurrent 10 year sentence for Sex Abuse of a Child less than 12 years of age (CC-2013-4135).

The Petitioner appealed to the Alabama Court of Criminal Appeals and was denied relief on February 13, 2017.

On March 21, 2017 a Rule 32 Petition was filed seeking relief and the same was denied on March 19, 2019.  The Petitioner appealed the dismissal of the Rule 32 Petition to the Alabama Court of Criminal Appeals and was denied relief therein on January 8, 2020.

8

## VII     Standard of Review

This Court has jurisdiction to hear Mr. Greene's Habeas Corpus Petition pursuant to 28 U.S.C. section 2254 as amended by the AEDPA where a United Sataes District Court may set aside a State Court conviction upon a showing by the Petitioner that the state court's adjudication of the claim "resulted in a decision that. . .involved an unreasonable application of . . .clearly established Federal Law, as determined by the Supreme Court of the United States." 28 U.S.C. Section 2254(d)(1); *Dixon v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495 (2000).  While the test requires "[s]ome increment of incorrectness beyond error, . . . the increment need not be great; otherwise habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence." *Jones v. Stinson*, 229 F.3d 112, 119 (2nd Cir. 2000) (quoting *Francis v. Stone*, 221 F3d 100, 111 (2d Cir. 2000)).

Pursuant to 28 U.S.C. Section 2254(d) this Court must determine whether the State Court made a decision that was "contrary to" or "an unreasonable application of" clearly established Constitutional principles and Federal law.

### VIII    Reasons for Granting this Writ of Habeas Corpus

A. The Juror Misconduct in this matter resulted in a clear deprivation of the Petitioner's Due Process Rights.

The juror, Mr. Garcia, became a witness by testifying to his own personal experience. Further, he became an "expert" witness for the State of Alabama in that the juror, Mr. Garcia, told the jury that they need not be concerned because of the years of delay in reporting this alleged crime. This goes to the heart of the State's case against the Defendant and this Petitioner's defense. The juror also engaged in misconduct by being deceitful in regard to his own prejudices as well as his own experiences that may have impacted upon his view of the facts in this case.

Additionally, the above characterized misconduct has implications in regard to the effectiveness of Petitioner's counsel as well as the Court. The court should have recognized this juror's deleterious behavior and *sua sponte* granted a mistrial. As to Petitioner's counsel they should have repeatedly and vigorously objected to this behavior and moved for mistrial. This juror's "expert" testimony, factual testimony and experience testimony cannot be wiped away by any curative instruction (one was not requested) or ignored as though it did not happen. The only "fix" consistent with the Petitioner's constitutional rights is a mistrial and then an ensuing new trial.

The Petitioner avers that juror misconduct resulted in the Greene not receiving a fair and impartial trial and a direct result thereof, Greene was prejudiced and is entitled to a new trial. During *voir dire* potential jurors were questioned regarding knowledge and personal experience regarding the allegations in Mr. Greene's case. All jurors seated for this case had responded that they did not have any prior experiences as it relates to rape and molestation. They indicated their assent that they could decide the case solely on the evidence presented at trial; however, during

10

jury deliberations the jury foreman [believed to be Mr. Garcia] informed the jury that his step-daughter had waited approximately six years to report being abused and that the jurors should not consider the inordinate delay in this Petitioner's matter to be consequential in regard to reasonable doubt. This violation was brought to the courts attention by two separate jurors and and in chambers conference with the prosecutor and defense counsel was conducted. At that time, Mr. Greene was not present and had not voluntarily waived his right to be present nor did trial counsel request he be made present for the conference. Trial counsel for the Mr. Greene did not move the court for a mistrial, nor did they move to have the juror removed for cause and an alternate juror placed in the foreman's place. Further, trial counsel did not request a curative instruction and the record does not indicate that any such instruction was given to the jury. [See affidavit and Testimony of Defense Counsel James M. Byrd, Evidentiary Hearing Transcript 5-11].

"The standard for determining whether juror misconduct requires a new trial is set forth in ***Roan v. State*, 225 Ala. 428, 435, 143 So. 454, 460 (1932)**." "The test of vitiating influence is not that it did influence a member of the jury to act without the evidence, but that it *might* have unlawfully influenced that juror and others with whom he deliberated and *might* have unlawfully influenced its verdict rendered." (Emphasis added.)

The Roan test mandates reversal when juror misconduct might have influenced the verdict. This test casts a "light burden" on the defendant. ***Ex parte Troha*, 462 So. 2d 953 (Ala. 1984).**

In Dawson, this Court applied the same standard that was advanced in *Roan v. State*, 225 Ala. 428, 143 So. 454 (1932), namely, that in determining whether a new trial or a reversal is warranted because of juror misconduct (in this present case a juror's alleged failure to respond truthfully to a question during voir dire) the test is whether the defendant might have been prejudiced, not whether he actually was prejudiced, by such misconduct. See *Roan*, 225 Ala. At

11

435, 143 So. At 459. ("The test of vitiating influence is not that it did influence a member of the jury to act without the evidence, but that it might have unlawfully influenced … [the] verdict rendered." (Emphasis added.)); and *Dawson*, 710 So. 2d 472, 476 (Ala. 1997) ("Because Dawson failed to show that the juror's viewing of the crime scene resulted in the introduction of facts that might have unlawfully influenced the jury's verdict, a new trial is not warranted." (Emphasis added.)). In fact, in Dawson this Court looked to *Reed v. State*, 547 So.2d 596 (Ala. 1989), in resolving the issue presented. Both Dawson and Reed applied the "might-have-been-prejudiced" standard, rather that the "actual-Prejudice" standard.

The proper standard for determining whether juror misconduct warrants a new trial, as set out by this Court's precedent, is whether the misconduct might have prejudiced, not whether it actually did prejudice, the defendant. See *Ex parte Stewart*, 659 So.2d 122 (Ala. 1993); *Campbell v. Williams*, 638 So.2d 804 (Ala. 1994); *Union Mortgage Co. v. Barlow*, 595 So.2d 1335 (Ala. 1992), cert. denied, 506 U. S. 96, 113 S.Ct. 301, 121 L.Ed.2d 224 (1992). The "might-have-been-prejudiced" standard, of course, casts a "lighter" burden on the defendant than the actual-prejudice standard. See *Tomlin v. State*, supra, 695 So.2d at 170. For a more recent detailed discussion of the burden of proof required to make a showing under the "might-have-been-prejudiced" standard, see *Ex parte Apicella*, [Ms. 1992273, March 30 2001}----So.2d----at----(Ala.2001) ("It is clear, then that the question whether the jury's decision might have been affected is answered not by a bare showing of juror misconduct, but rather by an examination of the circumstances particular to the case." (Emphasis original.)). It is true that the parties in a case are entitled to true and honest answers to their questions on *voir dire*, so that they may exercise their peremptory strikes wisely. The proper standard to apply in determining whether a party is entitled to a new trial in this circumstance is "whether the defendant might have been prejudiced by venire member's failure to

make a proper response." *Ex parte Stewart*, 659 So.2d at 124.  Further, the determination of whether a party might have been prejudiced, i.e., whether there was probable prejudice, is a matter within the trial court's discretion.  *Eaton v. Horton*, 565 So.2d 183 (Ala. 1990); *Land & Assocs., Inc. v Simmons*, 562 So.2d 140 (Ala. 1898) (Houston, J. concurring specially).  "The determination of whether the complaining party was prejudiced by a juror's failure to answer *voir dire* questions is a matter within the discretion of the trial court and will not be reversed unless the court has abused its discretion.  Some of the factors that this Court has approved for using to determine whether there was probable prejudice include: 'temporal remoteness of the matter inquired about, the ambiguity of the question propounded, the prospective juror's inadvertence or willfulness in falsifying or failing to answer, the failure of the juror to recollect, and the materiality of the matter inquired about.'"  *Ex parte Dobyne*, 805 So.2d 763, 771-72 (Ala. 2001).

The testimony by this jury foremen was of such note that two jurors were sufficiently horrified by the behavior to bring it to the Court's attention.  Once the Court ignores the behavior, it is the equal of approving of the testimony of the jury foreman to the other members of the jury or worse placing the Court's "imprimatur" upon the testimony.  This is a guarantee of conviction and an offense to the Petitioner's rights that cannot and should not be ignored.  It was of such concern as to require two jurors to bring the matter to the attention of the Court.  That juror(s) did in fact ignore the delay in reporting based on the representations of the jury foreman can never be known but it cannot be, nor has it been refuted by the State, that these statements materially affected the jury's verdict.  Further, trial counsel has admitted that he should have moved for a mistrial and failed to so.  The prevailing and reasonable professional norms under any scenario whereby the conduct of a juror who has failed to disclose information during *voir dire* and then subsequently imposes those views and opinions (especially as the foreperson of the jury) should

13

have prompted any competent defense attorney to move the trial court for a mistrial, or in the alternative a curative instruction. As such, Petitioner avers counsel's performance fell below the prevailing norms. Greene further avers that the trial court should have *sua sponte* removed the juror in an abundance of caution to ensure that Greene received a fair and impartial trial and a true verdict rendered. It should be noted that alternate jurors were available.

Based on the foregoing facts and authorities Greene avers that he is entitles to relief and specifically a New Trial Ordered.

**B.** Petitioner's Right to be Present at Every Stage of his Trial constitute Constitutional Violations under the 5th, 6th and 14th Amendments of the United States Constitution.

The Defendant's right of presence at every stage of trial derives from Confrontation Clause of Sixth Amendment to United States Constitution and Due Process Clauses of Fifth and Fourteenth Amendments. U.S.C.A. Const. Amends. 5, 6, 14. This clearly includes those times when material issues regarding jury deliberations, jury questions of law and fact as well as potential issues with juror misconduct. It is undisputed from the record that Greene was excluded from a material/critical stage of his trial when the Court conducted a chambers conference regarding the comments of the jury foreperson (Garcia) and the concerns of two jurors regarding the impact of those comments and the violation of the oath taken by all jurors. Petitioner was not given the opportunity to be present during this critical stage of the trial. Had he been present, Greene would have voiced his opinion to trial counsel regarding the need for a mistrial and for trial counsel to make such a request to the Court. [Evidentiary Hearing Transcript pg 5-11, 23-25]

Further, the Sixth Amendment right to counsel attaches at the initiation of adversary judicial proceedings and extends to every critical stage of the proceedings; a "critical stage" is any

14

stage where a substantial right of an accused may be affected and can arise in pretrial as well as post trial proceedings.  U.S.C.A. Const. Amend. 6.  Although Greene had counsel throughout the trial stage, counsel did not have the right to waive Greene's presence during any critical stage of the proceeding without his consent.  As such, Greene was denied his Due Process Clauses and Fifth and Fourteenth Amendments by counsel(s) failure to insist on Greene being present during the in chambers conference regarding the foreperson Garcia.  Greene clearly testified that had he been present he would have insisted on counsel moving for a mistrial.  [Evidentiary Hearing Transcript pg. 23-25]  Even if the trial court had denied the motion for mistrial, the issue would have been preserved for appellant review and Greene's constitutional rights would have been protected.  Counsel(s) failure to have Greene present for the hearing was clearly and unequivocally outside the prevailing norms and denied Greene fundamentally protected constitutional rights.

It should be further noted though that Petitioner also testified at the evidentiary hearing that the foreperson, Garcia, had a close enough working relationship to the victim's older sister as to bring question to his motives for making the claims to the jury during deliberations.  Had Greene been allowed to be present during this critical portion of the discussions regarding Garcia he could have brought these issues to the attention of trial counsel as grounds for a mistrial.  [Evidentiary Hearing Transcript pg. 24]

Based on the foregoing facts and authorities Greene avers that he is entitled to relief and specifically a New Trial Ordered.

C.   Ineffective Assistance of Counsel

Your Petitioner avers that trial counsel were ineffective in large part due to their failure to investigate and interview witnesses provided to them after the first trial.  Greene informed counsel of the names and contact information of witnesses who could rebut testimony from his first trial.  This information was provided to trial counsel in ample time prior to trial however, as admitted by trial counsel, these witnesses were neither interviewed nor called as witnesses at trial.  It is well established that counsel has due deference in strategic matters regarding trial strategy, that deference does not absolve trial counsel of the duty to perform a reasonable investigation and determine whether or not witnesses have favorable evidence that could be presented as plausible lines of defense at trial.  Petitioner's trial counsel relied instead on representations from the prosecution and Detective Gamien regarding alleged jail conversations and criminal histories of some of the witnesses Greene wished to be interviewed and call at trial.

For example, the State informed trial Counsel that Keith McGuire, a potential defense witness, was a convicted sex offender.  McGuire testified at the evidentiary hearing that this was false and the State made no effort to impeach that claim.  Trial counsel further admitted to not interview potential witnesses proposed by Greene and instead summarily determined the witness's testimony would not be relevant at trial.  Trial counsel further failed to obtain a copy of the transcript from Greene's first trial and therefore were unable to properly impeach witnesses on prior inconsistent statements made under oath.

It is well established law that  "While counsel has a duty to investigate in an attempt to locate evidence favorable to the defendant, "this duty only requires a reasonable investigation." Singleton v. Thigpen, 847 F.2d 668, 669 (11th Cir.(Ala. 1988), cert. denied, 488 U.S. 1019, 109 S.Ct. 822, 102 L.Ed.2d 812 (1989)(emphasis added).  See Strickland, 466 U.S. at 691, 104 S.Ct.

16

at 2066; Morrison v. State, 551 So. 2d. 435 (Ala. Cr. App. 1989) cert. denied, 495 U.S. 911, 110 S.Ct. 1938, 109 L.Ed.2d 301 (1990).    Counsel's obligation is to conduct a "substantial investigation into each of the plausible lines of defense." Strickland, 466 U.S. at 681, 104 S.Ct. at 2061 (emphasis added:.  "A substantial investigation is just what the term implies; it does not demand that counsel discover every shred of evidence but that a reasonable inquiry into all plausible defenses be made." Id., 466 U.S. at 686, 104 S.Ct. at 2063.'  *Jones v. State*, 753, So. 2d 1174, 1191 (Ala. Crim. App. 1999).  Emphasis added.

"The reasonableness of the investigation involves "not only the quantum of evidence already known to counsel, but also whether the known evidence would lead a reasonable attorney to investigate further."  *St. Aubin v. Quarterman*, 470 F .3d 1096, 1101 (5th Cir. 2006) (quoting *Wiggins v. Smith*, 539 U.S. 510, 527, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003)).  "[B]efore we can assess the reasonableness of counsel's investigatory efforts, we must first determine the nature and extent of the investigation that took place….'  Lewis v. Horn, 581 F .3d 92, 115 (3d Cir. 2009). Thus, [a]lthough [the] claim is that his trial counsel should have done something more, we [must] first look at what the lawyer did in fact.'  Chandler v. United States, 218 F .3d 1305, 1320 (11th Cir. 2000).

It is clear from a concise review of the testimony that no such investigation was performed by trial counsel and that the lack of the performance of a substantial investigation is per se ineffective assistance of counsel.  There can be no reasonableness assessment of any investigation that simply does not occur and the failure to conduct any investigation is per se 'unreasonable' and outside generally accepted norms.  It is clear that the performance of an investigation is the back

bone of any criminal defense and the failure to do so shows a failure of counsel to perform within the objective standard of reasonableness as required by *Strickland*.

Based on the foregoing facts and authorities Petitioner avers that he is entitled to relief and specifically a New Trial Ordered.

## IX   CONCLUSION

The juror misconduct in this is egregious, wrong and a violation of Petitioner's constitutional rights.  In and of itself this particular juror misconduct and its implications is more than enough to underlie this Court Ordering a New Trial.  It is unreasonable to assert that a foreman of a jury specifically testifying to the other jurors that they should ignore the inordinate number of years that past between the "act" and the allegation is not meaningful.  In particular we absolutely know it had an impact because two jurors were so horrified by this inappropriate testimony that they reported the behavior to the Court.  The Court failed.  Petitioner's trial counsel failed.  The Court "approved" of the behavior forever damming this Petitioner to a wrongful conviction.

Petitioner was not present during the in chambers conference referencing the misconduct of Garcia.  Further, Greene at no time waived his right to be present and trial counsel does not have the right to waive his presence without his consent or without due cause.  Greene further gave undisputed testimony at the evidentiary hearing that he not only would have requested that trial counsel move for a mistrial but could have given trial counsel context to support such a claim.  As such, it is undisputed that Greene was denied his constitutional right to be present at this critical stage of his trial.

Lastly, trial counsel failed to attain a copy of the trial transcript from the first trial and therefore were unprepared to impeach witnesses on prior inconsistent testimony and evidenced from the exhibits filed in this case.  Trial counsel testified that he did not conduct an investigation and interview witnesses after the first trial despite Petitioner's insistence that he do so.  Cousel made a summary decision that the witnesses would not be relevant without conducting a reasonable investigation as he is required to do.  Such lack of investigation prejudiced Greene and his right to a fair and impartial trial.  The impeachment of prosecution witnesses is essential to any

19

criminal defendants' case and the failure on the part of trial counsel to prepare for such impeachment and cross-examination causes clear and irrevocable prejudice to any defendant.

Based on the foregoing facts and authorities Petitioner avers that he is entitled to relief and specifically a New Trial Ordered.

**X      Prayer for Relief**

For the above stated reasons, the Petitioner, Shane Greene requests that this Court:

1.  Issue a Writ of Habeas Corpus discharging him from his unconstitutional incarceration

    and/or granting him a New Trial,

2.  Permit counsel 90 days to amend this petition,

3.  Order hearings upon the issues raised herein,

4.  Order such other and further relief as may be in the interest of justice.


**RESPECTFULLY SUBMITTED,** this the 8th day of January, 2021.


  /s/   Yancey N. Burnett                    .
Yancey N. Burnett   (burny5696)
Attorney for Defendant
(251) 662-7500


**CERTIFICATE OF SERVICE**

I do hereby certify that I have on this 8th day of January, 2021, served a copy of the foregoing on the persons named below via US Mail, or by Alafile system service properly addressed and postage prepaid when appropriate.

Alabama Attorney General
501 Washington Avenue
Montgomery, AL 36130


  /s/   Yancey N. Burnett                    .
          Yancey N. Burnett


21