# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| RAYMOND SHANE GREENE, ) | |
| AIS #00302426, ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:21-00022-WS-N |
| ) | |
| REOSHA BUTLER, *Warden III*, ) | |
| *G.K. Fountain Correctional* ) | |
| *Facility*, ) | |
|     Respondent. ) | |

## **REPORT AND RECOMMENDATION**

Petitioner Raymond Shane Greene, an Alabama prisoner proceeding through retained counsel, initiated this action on January 8, 2021, by filing a habeas petition under 28 U.S.C. § 2254 attacking his conviction in state court (Doc. 1). Pursuant to the Court's prior order (Doc. 2), Greene filed an amended habeas petition on February 5, 2021 (Doc. 3), which the Court deems his current operative petition, and paid the $5 filing fee for this habeas action. *See* 28 U.S.C. § 1914(a). The assigned District Judge has referred the initial and amended petitions to the undersigned Magistrate Judge for appropriate action. *See* S.D. Ala. GenLR 72(b); (1/11/2021 & 4/8/2021 electronic references). Under S.D. Ala. GenLR 72(a)(2)(R), the undersigned is authorized to require responses, issue orders to show cause and any other orders necessary to develop a complete record, and to prepare a report and recommendation to the District Judge as to appropriate disposition of the petition, in accordance with 28 U.S.C. § 636(b)(1) and Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.

After conducting preliminary review of Greene's operative petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases, the undersigned ordered that the petition be served on the Respondent for an answer under Rule 5 of the Rules Governing Section 2254 Cases, or some other appropriate response. (*See* Doc. 5). As ordered, the Respondent, through the Office of the Attorney General of the State of Alabama, timely filed and served an Answer (Doc. 9), which includes records from Greene's relevant state court proceedings. While the Respondent asserted that Greene's "petition does not appear to be time-barred" under 28 § 2244(d)(1) based on her own consideration of the state court record, the undersigned, after reviewing the state court records and applicable law, disagreed.

In accordance with *Day v. McDonough*, 547 U.S. 198, 205, 210 126 S. Ct. 1675, 164 L. Ed. 2d 376 (2006), by order dated and entered June 15, 2021 (Doc. 10), the undersigned explained to the parties why the petition appeared to be time-barred, and gave them until July 16, 2021, to file any briefing and appropriate supporting materials presenting their respective positions on the issue. *See Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 654 (11th Cir. 2020) (per curiam) (Where a respondent "has erroneously conceded the timeliness issue" when answering a § 2254 petition, "a district court may act on its own initiative to dismiss a petition [as untimely], provided the court 'accord[s] the parties fair notice and an opportunity to present their positions.' " (citing *Day*, 547 U.S. at 205)). Both parties have timely done so (*see* Docs. 11, 12), with the Respondent now asserting that the petition is time-barred.

Upon due consideration of the parties' supplemental briefing, the undersigned concludes that Greene's § 2254 petition is due to be **DISMISSED with prejudice** as time-barred, and will recommend as such to the Court.

## I. *Analysis*

### a. Statute of Limitations

Because Greene's habeas petition was filed after April 24, 1996, it is subject to application of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"). *Pope v. Sec'y for Dep't of Corr.*, 680 F.3d 1271, 1281 (11th Cir. 2012). Among other things, AEDPA imposes the following time limit for bringing § 2254 petitions:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Nothing in Greene's petition supports running his one-year limitations period from any of the dates in § 2244(d)(1)(B) – (D), and Greene does not argue otherwise in his response to the undersigned's June 15 order. Thus, Greene had "one year from the date his judgment of conviction and sentence bec[a]me[] final to file a petition for a writ of habeas corpus in federal court." *Walton v. Sec'y, Fla. Dep't of Corr.*, 661 F.3d 1308, 1310 (11th Cir. 2011) (citing 28 U.S.C. § 2244(d)(1)(A)).

Greene challenges a 2015 criminal judgment handed down by the Circuit Court of Mobile County, Alabama.[1] Greene's direct appeal of that judgment ended on February 10, 2017, when the Alabama Supreme Court denied certiorari review of the decision of the Alabama Court of Criminal Appeals affirming that judgment. *See* (Doc. 9-13, PageID.1723); *Greene v. State*, 231 So. 3d 1155 (Table) (Ala. Crim. App. September 2, 2016), *rehearing denied* (Ala. Crim. App. Sept. 23, 2016), *cert denied*, *Ex parte Greene*, 245 So. 3d 577 (Table) (Ala. Feb. 10, 2017).[2] Because Greene did not file a petition for a writ of certiorari with the United States Supreme Court on direct appeal, his "judgment became final" on Thursday, May 11, 2017, the date his 90-day period for filing such a petition expired. *See McCloud v. Hooks*, 560 F.3d

---

[1] Because Greene challenges a criminal judgment handed down by a state court within this judicial district, *see* 28 U.S.C. § 81(c), this Court has jurisdiction to entertain his habeas petition. *See* 28 U.S.C. § 2241(d).

[2] While an application for rehearing in the Alabama Court of Criminal Appeals is a prerequisite for certiorari review of that court's decisions by the Alabama Supreme Court except in pretrial appeals by the State of Alabama, *see* Ala. R. App. P. 40(d)(1), applications for rehearing are not permitted to challenge the Alabama Supreme Court's denial of certiorari review. *See* Ala. R. App. P. 39(l).

1223, 1227 (11th Cir. 2009) (For purposes of 28 U.S.C. § 2244(d)(1)(A), a "state prisoner's conviction becomes final when the United States Supreme Court denies *certiorari*, issues a decision on the merits, or when the ninety day period in which to file for *certiorari* expires, regardless of whether the defendant raised any federal issues on direct appeal."). Therefore, his AEDPA limitations period began running the following day. *See San Martin v. McNeil*, 633 F.3d 1257, 1266 (11th Cir. 2011) ("Under Fed. R. Civ. P. 6(a)(1), 'in computing any time period specified in ... any statute that does not specify a method of computing time ... [we must] exclude the day of the event that triggers the period [,] count every day, including intermediate Saturdays, Sundays, and legal holidays[, and] include the last day of the period,' unless the last day is a Saturday, Sunday, or legal holiday. Consonant with Fed. R. Civ. P. 6(a)(1), AEDPA's one-year limitation period begins to run from the day after the Supreme Court enters an order denying the petition for writ of certiorari.").

However, the AEDPA "limitation period is tolled for '[t]he time during which a properly filed application for State post-conviction or other collateral review' is pending." *Walton*, 661 F.3d at 1310 (quoting 28 U.S.C. § 2244(d)(2)). Greene filed a petition for post-conviction relief under Alabama Rule of Criminal Procedure 32 with the Mobile County Circuit Court on or about March 21, 2017 (*see* Doc. 9-19, PageID.2128), thus immediately tolling his AEDPA clock when the limitations period began. *See McCloud*, 560 F.3d at 1227 ("a Rule 32 petition is a tolling motion under § 2244(d)(2)"). The circuit court denied Greene's Rule 32 petition on March 11, 2019 (*see* Doc. 9-19, PageID.2128); the Court of Criminal Appeals affirmed that

denial by memorandum opinion issued November 15, 2019 (Doc. 9-19), and it summarily overruled Greene's application for rehearing of that affirmance on December 20, 2019. *See* (Doc. 9-21, PageID.2156); *Greene v. State*, 313 So. 3d 22 (Table) (Ala. Crim. App. Nov. 15, 2019), *rehearing denied* (Dec. 20, 2019).

Thereafter, under Alabama Rule of Appellate Procedure 39(c)(2), Greene had until Friday, January 3, 2020—14 days from the decision of the Court of Criminal Appeals overruling his rehearing application—in which to file a petition for a writ of certiorari with the Alabama Supreme Court. Greene did not do so; therefore, the Court of Criminal Appeals duly issued a certificate of judgment on January 8, 2020. *See* (Doc. 11-1, PageID.2235); Ala. R. App. P. 41(a)(1) & (b) ("In the courts of appeals, the timely filing of an application for rehearing will stay the issuance of the certificate of judgment until disposition of the application unless otherwise ordered by the court. If the application is denied, the certificate of judgment shall issue 18 days after entry of the order denying the application unless the time is shortened or enlarged by order … The timely filing of a petition for certiorari in the Supreme Court shall stay the issuance of the certificate of judgment by the courts of appeals, which stay shall continue until the final disposition by the Supreme Court."). On March 17, 2020, Greene filed with the Alabama Supreme Court a motion for leave to file a petition for a writ of certiorari out of time in his Rule 32 appeal, with a proposed "corrected" petition for a writ of certiorari attached. (Doc. 11-2). The

Alabama Supreme Court summarily denied that motion on March 20, 2020. (Doc. 11-3, PageID.2303).[3]

In interpreting AEDPA's tolling provision in § 2244(d)(2), the Eleventh Circuit Court of Appeals has explained:

> The Supreme Court has interpreted the word "pending" to "cover the time between a lower state court's decision and the filing of a notice of appeal to a higher state court." *Carey[ v. Saffold]*, 536 U.S. [214,] 217, 122 S. Ct. 2134[, 153 L. Ed. 2d 260 (2002)]; *Jones[ v. Nagle]*, 349 F.3d [1305,] 1307–08 [(11th Cir. 2003)]. "[U]ntil the application has achieved final resolution through the State's post-conviction procedures, by definition it remains 'pending.'" *Carey,* 536 U.S. at 220, 122 S. Ct. 2134. As the Supreme Court has explained, a claim is "pending" during "the period between (1) the lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, provided that the filing of the notice of appeal is timely under state law." *Evans v. Chavis,* 546 U.S. 189, 126 S. Ct. 846, 849, 163 L. Ed. 2d 684 (2006) (emphasis and citation omitted). Nothing in the caselaw dictates that the appeal must be taken for the claim to remain pending. Moreover, logic dictates that the claim is pending regardless of whether the inmate actually files the notice of appeal. "Pending" refers to the continuation of the process, or the time until the process is completed. *Carey,* 536 U.S. at 219–20, 122 S. Ct. 2134; *Wade v. Battle,* 379 F.3d 1254, 1262 (11th Cir. 2004). The process is not complete until there is no other avenue the prisoner could pursue. *Thus, the claim remains pending until the time to seek review expires.*

*Cramer v. Sec'y, Dep't of Corr.*, 461 F.3d 1380, 1383 (11th Cir. 2006) (per curiam) (emphasis added). *Accord Westmoreland v. Warden*, 817 F.3d 751, 753 (11th Cir. 2016) ("[I]f a properly filed state application is denied, then the time for appealing

---

[3] Though Greene initiated his Alabama Rule 32 proceedings *pro se*, he was later appointed counsel by the circuit court (*see* Doc. 9-19, PageID.2128), and his appellate briefs to the Court of Criminal Appeals and the Alabama Supreme Court in his Alabama Rule 32 proceedings were all submitted through counsel. (*See* Docs. 9-18, 9-20, 9-22, 11-2).

this denial tolls the federal filing deadline. *See Cramer v. Sec'y, Dep't of Corr.*, 461 F.3d 1380, 1383 (11th Cir. 2006) (per curiam). This is true 'regardless of whether the inmate actually files the notice of appeal.' *Id.* So long as the applicant was allowed to appeal, the limitations period is tolled 'until the time to seek review expires.' *Id.*").

Here, Greene did not timely petition the Alabama Supreme Court for certiorari review of the decision of the Court of Criminal Appeals affirming denial of Rule 32 relief, so "the time to seek review" with the Alabama Supreme Court expired on January 3, 2020. Greene's state post-conviction application was thus no longer "pending," and his AEDPA clock was no longer tolled and began running, on the following day, January 4, 2020. As no time had yet accrued on his AEDPA clock, Greene therefore had until Monday, January 4, 2021, in which to timely file a federal habeas petition. *See Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (noting that the Eleventh Circuit "has suggested that the limitations period should be calculated according to the 'anniversary method,' under which the limitations period expires on the anniversary of the date it began to run"). Greene, however, did not file his initial habeas petition until four days later, on January 8, 2021. (*See* Doc. 1).

In his response to the Court's June 15 order, Greene appears to suggest that his post-conviction application should have been considered pending through January 8, 2020, the date the Court of Criminal Appeals issued its certificate of judgment in his Rule 32 appeal, thus making his habeas petition filed one year from

that date timely. The undersigned disagrees. As explained above, and as was explained in the June 15 order, a post-conviction application "remains pending" for purposes of AEDPA's tolling provision "until the time to seek review expires." *Cramer*, 461 F.3d at 1383. Here, Alabama Rule of Appellate Procedure 39 clearly provides that, subject to inapplicable exceptions, a petition for a writ of certiorari to review a decision of the Court of Criminal Appeals must be filed "within 14 days (2 weeks) of the decision of the Court of Criminal Appeals on the application for rehearing…" Ala. R. App. P. 39(c)(2). Thus, "the time to seek review" of a Court of Criminal Appeals's decision expires after that 14-day period.

As Greene points out, Alabama Rule of Appellate Procedure 41 in general directs that an Alabama court of appeals issue a certificate of judgment 18 days after denying an application for rehearing where no timely petition for certiorari is filed with the Alabama Supreme Court, *see* Ala. R. App. P. 41(a)(1), (b), as occurred here. However, nothing in Rule 41 suggests that Rule 39(c)(2)'s 14-day deadline to file a certiorari petition is somehow enlarged, extended, or tolled until the certificate of judgment is actually issued; Greene presents no argument or authority suggesting otherwise. Indeed, such a reading of Rule 41 would render Rule 39(c)(2) superfluous, as missing the 14-day deadline in Rule 39(c)(2) would appear to have no consequence so long as the certiorari petition is filed before the certificate of judgment issues.

An issue not raised by either party—or, to be fair, in the undersigned's June 15 order either—is whether Greene's motion for leave to file a petition for a writ of

certiorari out of time qualifies as a tolling motion for purposes of § 2244(d)(2). If it does, then it would have further tolled Greene's AEDPA clock for 4 days—from its March 17, 2020 filing date, through the date it was denied, March 20, 2020— making Greene's habeas petition timely. However, the undersigned concludes that it is not a tolling motion.

> To toll the one-year limitation period under section 2244(d)(2), a proceeding must be a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2). An application is filed "when it is delivered to, and accepted by, the appropriate court officer for placement into the official record," and it is *properly* filed "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett,* 531 U.S. 4, 8, 121 S. Ct. 361, 363–64, 148 L. Ed. 2d 213 (2000).
>
> "Collateral review" is "a judicial reexamination of a judgment or claim in a proceeding outside of the direct review process." *Wall v. Kholi,* 562 U.S. 545, 131 S. Ct. 1278, 1285, 179 L.Ed.2d 252 (2011). In *Wall v. Kholi,* the Supreme Court ruled that a motion to reduce sentence under Rhode Island law is an application for collateral review that triggers the tolling provision of the Act. *Id.* at 1287. The Supreme Court reasoned that the phrase "collateral review" does not refer only to proceedings that challenge the "lawfulness" of a prior judgment. *Id.* Kholi's motion to reduce sentence triggered a proceeding that was both "collateral" and a "review" of the sentence, *id.* at 1286–87, because it was "not part of the direct review process," *id.* at 1286, required a judge "to determine whether a more lenient sentence is proper," *id.,* and allowed that judge to "disturb the trial justice's decision," *id.* at 1285. The Court distinguished a motion to reduce sentence from "a motion for post-conviction discovery or a motion for appointment of counsel, which generally are not direct requests for judicial review of a judgment and do not provide a state court with authority to order relief from a judgment." *Id.* at 1286 n.4; *see also Brown v. Sec'y for the Dep't of Corr.,* 530 F.3d 1335, 1337 (11th Cir. 2008) (holding that a post-

conviction motion for DNA testing was not an "application for post-conviction or other collateral review" (citing 28 U.S.C. § 2244(d)(2))).

*Espinosa v. Sec'y, Dep't of Corr.*, 804 F.3d 1137, 1140–41 (11th Cir. 2015).

Based on the foregoing authority, the Eleventh Circuit has held that a petition for a belated appeal under Florida Rule of Appellate Procedure 9.141(c) "is not an application for collateral review within the meaning of section 2244(d)[,]" explaining as follows:

> "[R]eview of a petition for belated appeal does not reach the merits of the anticipated appeal or the validity of the order to be appealed, but instead reviews the grounds for relieving the petitioner of his or her failure to timely seek such an appeal." *Jones v. State,* 922 So.2d 1088, 1090 (Fla. Dist. Ct. App. 2006). "[I]t challenges events that occur *after* the final order is rendered." *Id.* An appellate court decides that a petitioner is entitled to belated appeal by considering whether his lawyer failed to file a timely appeal upon request, his lawyer misadvised him as to the availability of review, or there were "circumstances unrelated to [his] counsel[ ] ... that were beyond the petitioner's control and otherwise interfered with the petitioner's ability to file a timely appeal." Fla. R. App. P. 9.141(c)(4)(F). A petitioner seeking belated appeal does not need "to allege that the issues that would be presented on appeal are potentially meritorious." *State v. Trowell,* 739 So. 2d 77, 80 (Fla. 1999). The appellate court considering the petition does not reexamine the underlying judgment or claim, and a ruling on the petition cannot make "amendment[s] or improvement[s]" to the terms of custody. *Kholi,* 131 S. Ct. at 1285 (quoting *Kholi v. Wall,* 582 F.3d 147, 153 (1st Cir. 2009)) (internal quotation mark omitted).

*Id.* at 1141. To hold otherwise, the *Espinosa* panel reasoned, "would allow a state prisoner to 'toll the statute of limitations at will simply by filing [petitions to file] untimely state postconviction petitions.'" *Id.* at 1142 (quoting, with bracketed text added, *Pace v. DiGuglielmo*, 544 U.S. 408, 413, 125 S. Ct. 1807, 1812, 161 L. Ed. 2d

669 (2005)). " 'This would turn § 2244(d)(2) into a *de facto* extension mechanism, quite contrary to the purpose of AEDPA, and open the door to abusive delay.' " *Id.* (quoting *Pace*, 544 U.S. at 413). The panel also found significant the fact that the petitioner-appellant's motion for a belated appeal was denied by the Florida court, thus distinguishing that case from decisions issued by other circuits in which state courts had granted motions for out-of-time appeals. *See id.*[4]

Like the Florida motion at issue in *Espinosa*, there is no indication that the Alabama Supreme Court's denial of Greene's motion to file an out-of-time certiorari petition involved reaching the merits of the underlying decision of the Court of Criminal Appeals. Moreover, unlike the motion in *Espinosa*, which was expressly permitted by the Florida Rules of Appellate Procedure, the Alabama Rules of

---

[4] In *Moore v. Crosby*, the Eleventh Circuit held that a granted Florida motion for a belated appeal that was filed after the AEDPA limitations period had expired did "not reset or restart the statute of limitations once the limitations period has expired[,]" as "an out-of-time appeal does not revive the time during which no state collateral petition was pending before the state court." 321 F.3d 1377, 1380-81 (2003). Almost three years later, the Eleventh Circuit, in a non-binding unpublished decision, held that a Florida motion for a belated appeal that was filed within the AEDPA limitations period and was granted qualified as a tolling motion. *See Williams v. Crist*, 230 F. App'x 861, 867-69 (11th Cir. 2006); 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority."); *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 n.1 (11th Cir. 2015) (per curiam) ("Cases printed in the Federal Appendix are cited as persuasive authority."). A year after that, in another non-binding unpublished decision, the Eleventh Circuit held that a denied Florida motion for a belated appeal did not toll the AEDPA limitations period, "reject[ing] the argument that a state post-conviction motion remains "pending" after the standard time to file an appeal expires merely because a state provides a procedure for seeking an out-of-time appeal in special circumstances or because a state court ultimately grants a petition for an out-of-time appeal." *McMillan v. Sec'y for Dep't of Corr.*, 257 F. App'x 249, 253 (11th Cir. 2007) (per curiam).

Appellate Procedure expressly forbid extensions of time for filing certiorari petitions in cases such as Greene's.

Under Alabama Rule of Appellate Procedure 26(b), as amended effective October 1, 2010, in general a "court for good cause shown may, upon motion, enlarge the time prescribed by these rules or by its order for doing any act, or may permit an act to be done after the expiration of such time…" However, an exception to that rule is that "the supreme court may not enlarge the time for filing a petition for certiorari to the courts of appeals; except in death cases." Ala. R. App. P. 26(b). Similarly, Alabama Rule of Appellate Procedure 2(b) provides that, "[i]n the interest of expediting decision, or for other good cause shown, an appellate court may suspend the requirements or provisions of any of these rules in a particular case on application of a party or on its own motion and may order proceedings in accordance with its direction; provided, however, … the supreme court may not extend the time for filing a petition for certiorari to the courts of appeals as provided in Rule 39; provided, however, that the supreme court may extend the time for filing a petition for certiorari in a criminal case in which the death penalty was imposed as punishment."[5] Because the Alabama Rules of Appellate Procedure do not permit

---

[5] At the time Greene filed his motion for leave to file an out-of-time certiorari petition, Rule 2(b) stated that "the supreme court may not extend the time for filing a petition for certiorari to the courts of appeals as provided in Rule 39*(b)*…" Ala. R. App. P. 2(b) (effective until Dec. 31, 2020) (emphasis added). Alabama Rule of Appellate Procedure 39(b), both at that time and currently, concerns certiorari review of decisions of the Court of *Civil* Appeal. However, it appears that the prior reference to Rule 39(b) in Rule 2(b) was to an outdated version of Rule 39(b) that provided deadlines for filing petitions for certiorari to all Alabama courts of appeal, including the Court of Criminal Appeals. This is made clear by the rule committee's

extensions of time for certiorari petitions to review decisions of the Court Criminal Appeals in non-death-penalty criminal cases such as Greene's, his motion for such an extension cannot be considered a "properly filed" application because its "delivery and acceptance" were not "in compliance with the applicable laws and rules governing filings." *Artuz,* 531 U.S. at 8.[6]

For the foregoing reasons, the undersigned finds that Greene initiated these § 2254 habeas proceedings four days too late.[7] Accordingly, his habeas petition is due to be **DISMISSED with prejudice** as time-barred.

### b. Certificate of Appealability

In actions such as this one brought under § 2254, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the

---

comment to the January 1, 2021 amendment to Rule 2(b), which explained that "Rule 39(b)" was changed to "Rule 39" "to clarify that the prohibition of extending the time for filing a petition for the writ of certiorari applies to petitions to the Court of Civil Appeals and to the Court of Criminal Appeals in non-death-penalty cases." Ala. R. App. P. 2(b) committee's comment to amendment effective Jan. 1, 2021.

[6] In *Artuz*, the United States Supreme Court "held that time limits on postconviction petitions are 'condition[s] to filing,' such that an untimely petition would not be deemed 'properly filed.' " *Pace*, 544 U.S. at 413 (quoting *Artuz*, 531 U.S. at 8, 11). Similarly, Greene's motion for relief that was specifically forbidden by Alabama procedural rules can also not be deemed "properly filed."

[7] The undersigned's June 15 order explained that certain equitable exceptions may excuse an untimely habeas petition—specifically, either by showing entitlement to "equitable tolling" of the statute of limitations, or by showing "actual innocence" under the test established in *Schlup v. Delo*, 513 U.S. 298, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995). (*See* Doc. 10, PageID.2227-2228). Greene did not attempt to show either in his response to that order. (*See* Doc. 12). Nevertheless, the undersigned notes that an attorney's misinterpretation of the AEDPA filing deadline, standing alone, does not entitle a petitioner to equitable tolling. *See Cadet v. Fla. Dep't of Corr.*, 853 F.3d 1216, 1233-36 (11th Cir. 2017).

applicant." Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts. "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court." 28 U.S.C. § 2253(c)(1)(A).

Where habeas relief is denied on procedural grounds without reaching the merits of the underlying constitutional claim(s), "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "A prisoner seeking a COA must prove something more than the absence of frivolity or the existence of mere good faith on his or her part." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quotations omitted). However, "a COA does not require a showing that the appeal will succeed." *Id.* at 337.

Upon due consideration, the undersigned finds that Greene should be **DENIED** a Certificate of Appealability in conjunction with the dismissal of the present habeas petition, as reasonable jurists would at least not find it debatable whether the Court was correct in its procedural ruling dismissing Greene's petition as time-barred.[8]

---

[8] Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by the petitioner, he may bring this

## II.  *Conclusion & Recommendations*

In accordance with the foregoing analysis, it is **RECOMMENDED** that Greene's operative petition for a writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 3) be **DISMISSED with prejudice** as time-barred, that the Court **DENY** Greene a Certificate of Appealability as to said dismissal, and that final judgment be entered accordingly in favor of the Respondent in accordance with Federal Rule of Civil Procedure 58.

**DONE** this the 14th day of September 2021.

> */s/ Katherine P. Nelson*
> **KATHERINE P. NELSON**
> **UNITED STATES MAGISTRATE JUDGE**

---

argument to the attention of the district judge in the objections permitted to this report and recommendation.

Should this Court deny a certificate of appealability, the petitioner "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts; S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.